UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WINSTON GORDON, | ) | |
| --- | --- | --- |
| Movant, | ) | |
| vs. | ) | No. 4:09CV814 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. Respondent has filed a motion to dismiss, [Doc. 2]. For the reasons set forth below, the motion to dismiss is granted, and Movant's Motion to Vacate is denied, without a hearing.

## Facts and Background

On July 22, 2004, a grand jury indicted Movant, through a superseding indictment, with conspiracy to distribute marijuana in an amount in excess of 1,000 kilograms. Movant was found guilty of the lesser included offense of conspiracy to distribute marijuana in an amount in excess of 100 kilograms after a jury trial which commenced on June 17, 2005. Movant was sentenced to 292 months imprisonment and four years of supervised release on November 1, 2006.

Movant appealed his conviction and sentence. The Eighth Circuit Court of

Appeals affirmed the conviction and sentence on December 26, 2007. Movant's request for writ of certiorari was denied on May 27, 2009.

## **Standards for Relief Under 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate either cause for the default and

actual prejudice, or actual innocence." *Id*; *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley* 523 U.S. at 622).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." See *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *Frady*, 456 U.S. at 170, and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense).

**Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States*

*v. White,* 341 F.3d 673, 678 (8th Cir. 2003).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*, at 694.

> In order to prevail on an ineffective assistance of counsel claim, [movant] must show that (1) [his] "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995) (citation omitted).  Under the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  Assuming that counsel's performance has been deficient, the second element of prejudice requires a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Garrett*, 78 F.3d at 1301 (citations omitted).

*Toledo v. U.S.* 581 F.3d 678, 680 (8th Cir. 2009).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Review of

counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong,

however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

### **Evidentiary Hearing**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the

parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

Movant raises four claims in his Motion. Respondent moves to dismiss grounds one, two and three.

**Ground One**: Movant claims the Court erred in using acquitted conduct to determine his sentence. This ground was specifically raised, and denied in Movant's appeal.

> The district court may consider as relevant conduct all drugs that the government shows by a preponderance of the evidence were a part of the same course of conduct or common scheme as the conspiracy, even where the defendant was acquitted of such conduct. *See, e.g. United States v. Tirade*, 313 F.3d 437, 440 (8th Cir. 2002); *United States v. Jimenez-Villa senor*, 270 F.#d 554, 561 (8th Cir. 2001); *see also Booker*, 543 U.S. at 254-55, 125 S.Ct 738. [Co-defendant] testified that he transported over 2700 kilograms of marijuana at the direction of Gordon, and this quantity was reflected in the Presentence investigation report (PSR) recommendation that 1000 to 3000 kilograms of marijuana be attributed to Gordon. The district court found that the government proved by a preponderance of the evidence that Gordon conspired to distribute between 1000 and 3000 kilograms of marijuana and adopted the PSR, overruling Gordon's objections that his base offense level should have been 24 based on 100 kilograms of marijuana. The district court did not clearly err in holding Gordon responsible for 1000 to 3000 kilograms of marijuana.

*United States v. Gordon*, 510 F.3d 811, 817-18 (8th Cir. 2007); "The drugs seized from coconspirators were reasonably foreseeable as part of the same course of conduct. See *United States v. Gordon*, 510 F.3d 811, 817 (8th Cir.2007) (district court may consider as relevant conduct all drugs that government shows by

preponderance of evidence were part of same course of conduct or common scheme as conspiracy), cert. denied, --- U.S. ----, 128 S.Ct. 2519, 171 L.Ed.2d 801 (2008)."
*U.S. v. Armando Sanchez,* 567 F.3d 1009, 1010 (8th Cir. 2009).

**Ground Two**: Movant claims that the e district court erred in imposing an enhancement to Movant's sentencing guideline level for possession of a firearm. This ground was raised on appeal and denied by the Eighth Circuit.

> Gordon also objects to his sentencing enhancements. [co-defendant] saw a 9 mm pistol in Gordon's briefcase on several occasions during their drug trips, and such a pistol was seized from Gordon's residence upon his arrest. Based on this evidence the district court did not clearly err in finding that Gordon possessed a dangerous weapon in connection with this offense or in imposing a two level enhancement under U.S.S.G. § 2D1.1(b)(1). See *United States v. Gillispie*, 487 F.3d 1158, 1162 (8th Cir.2007) (enhancement should be applied where weapon present unless clearly improbable connection with offense exists); *United States v. Dillard*, 370 F.3d 800, 804 (8th Cir.2004) (preponderance of evidence required for enhancement under § 2D1.1(b)(1)).

*Id*, at 818.

**Ground Three**: Movant claims the Court erred in submitting an instruction on a lesser included offense to the jury. Again, this issue was raised on appeal. The Appellate Court found that it was not error to submit such an instruction.

> A jury instruction on a lesser included offense is appropriate upon a proper request if the lesser offense elements are identical to part of those of the greater offense, there was evidence which would justify conviction of the lesser offense, the proof on the element differentiating the two crimes was sufficiently in dispute so that the jury might consistently find the defendant innocent of the greater and guilty of the

> lesser included offense, and where the instruction could have been
> requested by either party. *United States v. Dodd*, 473 F.3d 873, 876
> (8th Cir. 2007). The government's proof for the lesser included offense
> of conspiracy to distribute in excess of 100 kilograms of marijuana
> included the actual seizure of 667 kilograms of marijuana plus the
> testimony regarding Gordon's involvement in the conspiracy to
> distribute marijuana. The government's proof for the greater offense of
> conspiracy was limited to [co-defendant's] testimony regarding the
> eight marijuana delivery trips he allegedly made prior to January 2004,
> with or under the direction of Gordon. Gordon vigorously contested the
> veracity of this testimony, and it was not unreasonable for the jury to
> find that [co-defendant's] testimony about those trips was insufficient
> to prove beyond a reasonable doubt that Gordon was guilty of the
> greater offense. The district court did not abuse its discretion in
> instructing the jury on the lesser included offense.

*Id*, at 817.

Issues that were raised and decided on direct appeal, whether constitutional or nonconstitutional, generally may not be relitigated in the context of a § 2255 motion. See *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir.2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.") (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981)).[1] Grounds one through three are therefore denied.

**Ground Four**: Movant claims his attorney was ineffective for failing to

---

[1] Movant does not contend that there has been a change in circumstance such that this Court may consider his claims. See, generally, *United States v. Ryan*, 227 F.3d 1058, 1063 (8th Cir.2000).

object to the introduction of evidence of a prior conviction pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure.  As Respondent argues, this evidence was offered as part of the proof of the existence of the crime charged; it was not offered pursuant to Rule 404(b).

> Our cases have firmly established that crimes or acts which are "inextricably intertwined" with the charged crime are not extrinsic and Rule 404(b) does not apply. See *United States v. Severe*, 29 F.3d 444, 447 (8th Cir.1994) (" '[W]here the evidence of an act and the evidence of a crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated.' ") (quoting *United States v. DeLuna*, 763 F.2d 897, 913 (8th Cir.), cert. denied, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985)), cert. denied, 513 U.S. 1096, 115 S.Ct. 763, 130 L.Ed.2d 660 (1995).  O'Dell was charged in this case, together with his codefendants, with conspiring to distribute methamphetamine from 1994 until 1997.  Possessing methamphetamine, even a small amount, during the period in which he is accused of conspiring to distribute the same drug is direct evidence that defendant participated in the conspiracy, and therefore Rule 404(b) is not implicated.  See *McMurray*, 34 F.3d at 1412 (evidence obtained during a prior arrest, including a gun and a scale with cocaine residue, was "part of the government's proof that the appellants were engaged in a conspiracy to distribute cocaine," and was therefore not Rule 404(b) evidence); *Severe*, 29 F.3d at 447 (coconspirator's testimony that defendants delivered a kilogram of cocaine to her residence "did not implicate Rule 404(b) because it tend[ed] to prove whether a conspiracy to distribute cocaine existed"); *United States v. Stephenson*, 924 F.2d 753, 763-64 (8th Cir.) (admission of various drug paraphernalia, weapons, and cash was not governed by Rule 404(b) where it was "plainly relevant to the existence of and appellants' participation in the conspiracy charged"), cert. denied, 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991), and cert. denied, 502 U.S. 916, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991).

*U.S. v. O'Dell*, 204 F.3d 829, 833 -834 (8th Cir. 2000).

The evidence of the September 10, 2001 stop was an integral part of the proof of the crime charged. Because there was no basis for excluding this evidence, counsel was not ineffective for failing to object. Movant has failed to establish either of the *Strickland* prongs to establish that counsel was ineffective.

## Conclusion

Based upon the foregoing analysis, the grounds presented by Movant fail to establish that Movant is entitled to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct

Sentence, [Doc. 1], is **Denied**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 23rd day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE